David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, NY 10008
212-897-5821 dnabrams@gmail.com

United States District Court
District of New Jersey

_____

|  |  |  |
|---|---|---|
| United States of America ex rel. GNGH2 Inc., | ) ) ) | **TO BE FILED UNDER SEAL PURSUANT TO 31 U.S.C. §3730(b)(2)** |
| Plaintiff-Relator, | ) ) |  |
| - against - | ) ) | Case No. |
| IT TRAILBLAZERS LLC; ANJANEYAP, INC.; and TENAZX INC., | ) ) ) ) | **Complaint Under the False Claims Act** |
| Defendants. | ) ) ) |  |

_____)

Plaintiff-Relator, complaining of the Defendants by its attorney, David

Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.     Nature of the Case**

1.     This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2

Inc. ("Relator"), alleges that the Defendants fraudulently obtained CARES Act

disaster relief by means of fraudulent certifications of eligibility.  As set forth in

more detail below, second-round PPP funding is barred to entities which exceed

size standards.

The addresses of the parties to this matter are as follows:

GNGH2 Inc.:                    64 Leroy Street Tenafly NJ 07670

IT TRAILBLAZERS LLC:     485 East Route 1 S., Iselin, NJ 08830

ANJANEYAP, INC.:           485 East Route 1 S., Iselin, NJ 08830

TENAZX INC.:                  73 Market St Ste 376, Yonkers, NY 10710

## II.     Parties

2.     Defendant IT TRAILBLAZERS LLC ("Trailblazers") is a New Jersey limited liability company with a principal place of business in **Middlesex County, New Jersey**.

2a.    Defendant ANJANEYAP, INC. ("AnjaneyaP") is a Delaware business corporation with a principal place of business in **Middlesex County, New Jersey**.

2c.    Defendant TENAZX INC. ("TenazX") is New York business corporation with a principal place of business in **Westchester County, New York**.

3.     The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in **Bergen County, New Jersey.**

## III     Compliance with Requirements of Suit

4.     This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

5.    Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed.  Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

**IV.    Jurisdiction and Venue**

6.     This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business.  In this case, Defendants Trailblazers and AnjaneyaP are located in **Iselin, New Jersey**.

**V.    Background**

7.    Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19."  (the "Coronavirus Epidemic").

8.    In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9.    All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10.    The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11.   The CARES Act was subsequently amended to provide for a second round of disaster funding.  Significantly, an applicant is ineligible for such funding if is owned when combined with its affiliates, it exceeds applicable size standards.

12.   The Defendants in this matter are firms which provide IT services.   They received second draw PPP disaster relief as follows:

| Defendant | Date | Amount | Loan # | Forgiven |
|---|---|---|---|---|
| Trailblazers | 1/23/21 | $2,000,000 | 4420628309 | 6/9/22 |
| AnjaneyaP | 2/10/21 | $2,000,000 | 6731508402 | 8/19/22 |
| TenazX | 1/20/21 | $400,000 | 2346008302 | 3/23/22 |

13.   Thus, on or about the above dates, Defendants completed Form 2483-SD which required them to certify that they met applicable size standards.

14.   This certification was false when made as set forth below.

15.   At all times relevant to this matter, the Defendants were under common ownership and when combined, the total size of the concern exceeded applicable size standards.

16.   Moreover, the foregoing information is available on the websites and/or filings of the Defendants.

17.   Thus, Defendants' authorized representative must have been either aware of this information or reckless in regards to same.

18.     Thus, Defendants made fraudulent representations when they completed form 2483-SD and certified eligibility in respect of the above loans.

19.     As a result of these statements, the Defendants received (and the United States paid) substantial funds to which they would not otherwise have been entitled.

## VI.    (Count I)  Violation of the False Claims Act

20.     The False Claims Act imposes liability on a person or entity who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

21.     The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp*.,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

22.     Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

## VII.   Relief Sought

23.     On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

5

24. Accordingly, Relator seeks judgment against the Defendants and in favor of the United States as follows:

| Defendant | Principal | Interest | Fees | Damages |
|-----------|-----------|----------|------|---------|
| Trailblazers | $2,000,000 | $27,232.88 | $60,000 | $6,261,698.64 |
| AnjaneyaP | $2,000,000 | $30,301.37 | $60,000 | $6,270,904.11 |
| TenazX | $400,000 | $4602.74 | $12,000 | $1,249,808.22 |

25. Additionally, Relator seeks costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated:        January 22, 2025